UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

S.B.,[1]

Plaintiff,

v.

FRANK J. BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, et al.,[2]

Defendants.

Case No. 25-cv-03068-AGT

**ORDER RESOLVING CLAIM FOR REVIEW UNDER 42 U.S.C. § 405(g)**

Re: Dkt. Nos. 8, 13

Plaintiff S.B. (Plaintiff) moves for reversal and award of benefits, or remand of the decision of the Commissioner of Social Security (Defendant) denying Plaintiff's claim for disability benefits. Dkt. 8. Defendant moves to affirm the administrative law judge's (ALJ) decision. Dkt. 13. For the following reasons, the Court affirms Defendant's decision.

Plaintiff raises two issues on appeal: (1) whether the ALJ properly considered evidence when formulating a residual functional capacity (RFC) and (2) whether the ALJ's findings as to Plaintiff's credibility are supported by the record. Dkt. 8.[3]

**1. The ALJ's Findings as to Plaintiff's Credibility Are Sufficiently Supported**

Taking the latter issue first, in her motion, Plaintiff argues that the ALJ lacked sufficient reason to set aside her testimony regarding both mental and physical dysfunction. Dkt.

[1] The plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] Frank J. Bisignano is automatically substituted in pursuant to Rule 25(d).
[3] In her motion, Plaintiff includes a third issue: whether the ALJ failed to address her hand limitations. Dkt. 8 at 7. But Plaintiff fails to include any argument on that issue in her motion, as noted by Defendant. Dkt. 13 at 7 n.2. The Court will therefore not reverse or remand on that basis. *See Brison v. Colvin*, No. 14-CV-00149, 2015 WL 2152674, at *5 (E.D. Wash. May 6, 2015) ("The court may refuse to address claims that were only argued in passing or that were bare assertions with no supporting argument.").

8 at 9.[4] But Plaintiff fails to include any argument regarding her allegations of mental dysfunction, as Defendant points out. Dkt. 13 at 7 n.2. As such, the Court will not reverse or remand on this basis. *See Brison*, 2015 WL 2152674, at *5.

Next, Plaintiff notes that her testimony and function report are consistent with her daughter's function report. Dkt. 8 at 9. But the ALJ summarized Plaintiff's daughter's report, found it partially persuasive, and strongly considered it. AR 31.[5] Plaintiff doesn't explain why the ALJ's approach was improper, especially in light of the medical evidence summarized below.

Last, Plaintiff argues that the ALJ's reasons for setting aside Plaintiff's testimony are not well-founded. Dkt. 8 at 9. The record reflects Plaintiff's pain reports and a reliance on ibuprofen. *Id.* at 10. Plaintiff argues that the ALJ acknowledged this but made a predetermined conclusion regarding Plaintiff's credibility. *Id.* at 9–10.

Plaintiff, however, fails to point to sufficient evidence in the record to support her argument. According to Plaintiff, the ALJ noted that Plaintiff relies on ibuprofen, which contradicts the ALJ's finding regarding Plaintiff's credibility. *Id.* at 9. But Plaintiff could rely on ibuprofen *and* her specific allegations regarding "intensity, persistence and limiting effects of [her] symptoms" could not be "entirely consistent with the medical evidence and other evidence in the record." AR 28. That isn't inherently contradictory, nor does Plaintiff explain why it must be contradictory.

Furthermore, the ALJ's conclusion was sufficiently supported. The ALJ noted that

[4] Citations to the docket here include references to the Electronic Case Filing numbers at the top of each page

[5] Citations to the Administrative Record (AR) correspond to the page numbers at the bottom right of each page.

Plaintiff alleged difficulty with "lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, climbing stairs, concentrating, and using her hands"; she further alleged limitations on standing and walking. AR 28. Finally, Plaintiff testified to difficulties with activities of daily living, and to severe pain in her knees and back. *Id.*

The ALJ then reviewed the medical evidence, which showed reports of back, neck, and knee pain following a motor vehicle accident in February 2020. AR 28. X-rays in October 2020 showed moderate arthritis of Plaintiff's right knee. *Id.* A January 2022 examination revealed no joint tenderness, deformity, or swelling. AR 29. At a February 2022 psychological consultative examination, Plaintiff used a cane and walked with a slow, unsteady gait. *Id.* The examiner noted that Plaintiff appeared to be in physical pain and had difficulty standing from seated. *Id.* But by November 2022, Plaintiff didn't use a cane at an internal medicine consultative examination. *Id.* She reported daily pain, with a severity of up to 10/10 and involving the right knee, hips, and lower back. *Id.* She also reported left ankle pain and taking NSAIDs. *Id.* The examination revealed mild genu valgum in both knees, mild swelling of the left lateral ankle, and mildly decreased muscle mass of the left lower leg. AR 30. X-rays revealed mild osteoarthritis in the right hip, and osteoarthritis and other nonacute findings in the right knee. *Id.* Based on these findings, the examiner recommended a medium exertion level. AR 31.

The Court's own review of the record supports the ALJ's finding. During an August 2020 telephone appointment with a primary care physician, Plaintiff reported right knee pain. AR 610–11. Subsequent x-rays found moderate arthritis, which Plaintiff was recommended to treat with over the counter medications. AR 617–18. At appointments in the ensuing months, Plaintiff didn't report any issues with—or seek care for—her hips, back or

knees. *See* AR 934–39 (October 24, 2020, encounter); AR 624–26 (October 27, 2020, encounter); AR 635–38 (November 4, 2020, encounter); AR 653–57 (March 31, 2021, encounter); AR 677–78 (April 5, 2021, encounter); AR 682–83 (April 8, 2021, encounter).

In December 2021, Plaintiff reported swelling in her left ankle. AR 1017–22. An x-ray revealed heel spurs and lateral left ankle edema; Plaintiff then reported to a podiatrist that rest and icing helped with a "90% improvement." AR 1050. There is no further emphasis on ankle, hip, back, or knee pain in the medical records, though Plaintiff did seek other medical care. *See, e.g.*, AR 1192 (calling regarding eye condition); AR 1204, 1210, & 1231 (receiving breast cancer screenings).[6]

Reports regarding pain in Plaintiff's knees, hip, or back do come from her chiropractor. A medical report dated May 19, 2021, notes a sprain of the lumbar spine ligaments, lumbar radiculopathy, right sciatica, sprain of the lumbar/pelvic spine, sprain of the cervical spine ligaments, cervical radiculopathy, and acute pain due to trauma. AR 1108 & 1115. But the report also noted that Plaintiff's prognosis was favorable as she responded well to treatment. AR 1108.

Again, Plaintiff didn't raise these concerns with her other physicians over the course of several years, nor did their exams reveal any such concerns. *See, e.g.*, AR 685 (noted to be "alert, well appearing, and in no distress" on April 8, 2021); AR 726 (noted to be "alert, well appearing, and in no distress," with normal lower extremities, on December 7, 2021); AR 1059–61 ("no joint tenderness, deformity or swelling" found on January 5, 2022, following up with podiatrist regarding ankle).

[6] The Court notes that Plaintiff did not claim ankle pain as a cause of her disability. AR 56, 86 & 105; dkt. 8 at 3.

Given this, even assuming that the evidence supports “more than one rational interpretation,” this Court must uphold the ALJ’s decision. *Burch v. Barnhart,* 400 F.3d 676, 680–81 (9th Cir. 2005). *See also Smartt v. Kijakazi*, 53 F.4th 489, 498 n.1 & 499 (9th Cir. 2022) (“Contradiction with the medical record is a sufficient basis for rejecting the claimant’s subjective testimony.”).

**2. The ALJ Properly Considered Evidence in Formulating the RFC**

Plaintiff additionally argues that the ALJ disregarded evidence of Plaintiff’s knee osteoarthritis when formulating an RFC for medium work.[7] Dkt. 8 at 7–8. Plaintiff asserts that the ALJ erred in rejecting the initial and reconsideration evaluators’ recommendations for light work. *Id. See also* AR 96–97 & 116–117. Instead, the ALJ formulated an RFC of medium work, in line with the recommendation of a consultative examiner. Dkt. 8 at 7–8. Plaintiff argues that the consultative examiner lacked access to x-rays reviewed by the reconsideration evaluator. *Id.*

Plaintiff argues that the ALJ had “no reason” to reject the recommendations of the initial and reconsideration evaluators. Dkt. 8 at 8. But the ALJ provided reasons: (i) the consultants didn’t examine Plaintiff; (ii) the consultants didn’t review later evidence; and (iii) the opinions were not consistent with other medical evidence. AR 30. Plaintiff doesn’t specifically dispute any of these three reasons.

Instead, Plaintiff argues that the ALJ erred in relying on the opinion of a consultative examiner because that examiner (Dr. Schwartz) didn’t review x-rays. Dkt. 8 at 8. It’s true that Dr. Schwartz didn’t review x-rays. They were taken on the same day as the consultative

[7] Though Plaintiff claimed disability due to right knee, hip, and back pain, *see* dkt. 8 at 3, in her moving papers, she only addresses her right knee. *Id.* at 7–8.

exam at his order. AR 1098–1105. But Dr. Schwartz did examine Plaintiff in person and make findings based on that exam, while noting that radiography would be helpful. *Id.* The ALJ found Dr. Schwartz's opinion persuasive because it relied on his own findings and was consistent with other evidence, such as imaging studies. AR 31.

Plaintiff further argues that the ALJ is substituting her opinion for that of a medical opinion. Dkt. 8 at 8. But the ALJ expressly found Dr. Schwartz's opinion persuasive and formulated an RFC taking it into account.

As Defendant argues, dkt. 13 at 6, "the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). And an ALJ "need not take every medical opinion at face value." *Cross v. O'Malley*, 89 F.4th 1211, 1213 (9th Cir. 2024). "Rather, the ALJ must scrutinize the various—often conflicting—medical opinions to determine how much weight to afford each opinion." *Id.* at 1213–14. That is what the ALJ did here.

Moreover, the Court need only find a modicum of evidence to support the ALJ's findings in a review for substantial evidence, *see Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019), and must affirm even if the record "is susceptible to more than one rational interpretation." *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017) (cleaned up). As such, the ALJ's decision must be affirmed.

**IT IS SO ORDERED.**

Dated: September 9, 2026

Alex G. Tse
United States Magistrate Judge